UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JANE DOE (J.S.H.),

    Plaintiff,

v.                                      Case No. 3:25-cv-851-MMH-MCR

CHOICE HOTELS
INTERNATIONAL, INC., and GP4
PROPERTY OWNER, LLC.,

    Defendants.

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Response to Motion to Dismiss of Defendant Choice Hotels International, Inc. (Doc. 91; Response), filed October 1, 2025. In the Response, Plaintiff, in addition to asserting that Defendant's motion to dismiss is due to be denied, alternatively requests leave to amend its complaint in the event the Court finds that "any portion of the Complaint [is] deficient." See Response at 21. As an initial matter, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty., 48 F.4th 1222, 1236 (11th Cir. 2022) ("[W]here a request for leave to file an amended complaint simply is imbedded within an opposition memorandum,

the issue has not been raised properly." (quoting Newton v. Duke Energy Fla., LLC, 895 F.3d 1270, 1277 (11th Cir. 2018))); Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Rules 3.01(a) and 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)). Local Rule 3.01(a) requires a memorandum of legal authority in support of a request from the Court. See Local Rule 3.01(a). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. See Local Rule 3.01(g). In addition to these deficiencies under the Local Rules, the request in the Response also fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." Long v. Satz, 181 F.3d 1275, 1279 (11th Cir. 1999); see also McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); U.S. ex rel. Atkins v. McInteer, 470 F.3d

1350, 1361–62 (11th Cir. 2006) (same).[1] Thus, the Court will not entertain Plaintiff's request for relief included in the Response. Plaintiff is advised that, if she wishes to pursue such relief, she is required to file an appropriate motion in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

The Court also notes that in the Response, Plaintiff places her citations in footnotes instead of including them in the main text of the document. See generally Response. Because footnotes may be formatted with a smaller font size than the main text of a filing, see Local Rule 1.08, placing citations in footnotes rather than in-line in the main text may permit a party to include more content in the same number of pages. The Court also finds that filings with citations and their applicable parentheticals in footnotes rather than in-line in the main text are more difficult to read. As such, although the use of footnote citations is not explicitly prohibited by the Court's Local Rules, the parties are directed to use in-line citations when making future filings.

Accordingly, it is

**ORDERED**:

---

[1] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36-2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

1. To the extent that Plaintiff requests affirmative relief from the Court, Plaintiff's Response to Motion to Dismiss of Defendant Choice Hotels International, Inc. (Doc. 91) is **DENIED without prejudice**.

2. When making future filings, the parties are **DIRECTED** to place their citations in-line in the main text rather than in footnotes.

**DONE AND ORDERED** in Jacksonville, Florida, this 9th day of October, 2025.

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record

4