# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| JANE DOE (J.S.H.), AN INDIVIDUAL, | |
| Plaintiff, | Civil Action No.: 3:25-cv-00851 |
| v. | |
| CHOICE HOTELS INTERNATIONAL, INC., and GP4 PROPERTY OWNER, LLC., | |
| Defendants. | |

## THIRD NOTICE OF SUPPLEMENTAL AUTHORITY

COMES NOW Defendant Choice Hotels International, Inc., ("Choice") to respectfully submit the following notice of supplemental authority. On March 25, 2026, the Southern District of Florida granted a motion to dismiss and imposed Rule 11 sanctions in a materially similar Trafficking Victims Protection Reauthorization Act ("TVPRA") case. For the Court's convenience, that decision—*R.R. v. Motel 6 Operating L.P. & G6 Hospitality Property LLC*, No. 25-61924-CV, 2026 WL 865685 (S.D. Fla. Mar. 25, 2026)—is attached as **Exhibit A**.

The court found the complaint "objectively frivolous" where the plaintiff filed multiple actions containing identical, highly specific allegations—even including the same typographical errors—across different defendants, locations, and time periods. *Id.* at *1, *7. Because those allegations were "facially implausible

1

when asserted identically across multiple unrelated cases," and were reaffirmed after removal, the court imposed sanctions under Rule 11(b)(3). *Id*. at *7.

Independently, the court held the complaint failed to plausibly state a TVPRA claim. *Id*. at *3. First, allegations that the defendant "harbored" the plaintiff by merely providing lodging were insufficient under § 1591(a)(1)—absent facts showing concealment or intent to further illegal activity. *Id*. at *5. Similarly, generalized "red flags" did not plausibly establish knowing "participation in a venture" under § 1591(a)(2), as they were "equally consistent with non-trafficking criminal activity such as prostitution." *Id*.

Second, the court dismissed the § 1595 beneficiary claim, holding that the alleged "red flags" did not plausibly show the defendant knew or should have known of a trafficking venture, as they were "equally consistent with non-trafficking activity such as consensual commercial sex, drug activity, or ordinary guest behavior." *Id*. at *6.

Respectfully submitted this 1st day of April, 2026.

/s/ *Sara M. Turner*
Sara M. Turner (Lead Counsel)
(*pro hac vice*)
**BAKER, DONELSON, BEARMAN,
CALDWELL & BERKOWITZ, P.C.**
420 20th Street North, Suite 1400
Birmingham, Alabama 35203
Phone: (205) 328-0480
smturner@bakerdonelson.com

Desislava K. Docheva, Esq.
Florida Bar No. 1010440
**BAKER, DONELSON, BEARMAN,**

2

**CALDWELL & BERKOWITZ, P.C.**
200 East Broward Blvd., Suite 2000
Fort Lauderdale, Florida 33301
Phone: (954) 768-1610
ddocheva@bakerdonelson.com

## CERTIFICATE OF SERVICE

I, Desislava K. Docheva, certify that on April 1, 2026, I caused the foregoing Motion to Seal to be filed with the Clerk of the Court and served upon all counsel of record via the Court's CM/ECF system.

/s/ *Desislava K. Docheva*

Desislava K. Docheva

3

2026 WL 865685
Only the Westlaw citation is currently available.
United States District Court, S.D. Florida.

**R.R.**, Plaintiff,

v.

MOTEL 6 OPERATING L.P., and G6

HOSPITALITY PROPERTY LLC, Defendants.

**R.R.**, Plaintiff,

v.

G6 HOSPITALITY PROPERTY LLC, Defendant.

Case No. 25-61924-CV-MIDDLEBROOKS,
Case No. 25-61935-CV-MIDDLEBROOKS
|
Entered on FLSD Docket 03/25/2026

**OMNIBUS ORDER**

DONALD M. MIDDLEBROOKS UNITED STATES
DISTRICT JUDGE

**\*1** THIS CAUSE is before the Court upon Defendants'
Motion to Dismiss (DE 15 in Case No. 25-61924);
Defendants' Motion for Sanctions (DE 28 in Case No.
25-61924); Defendant's Motion to Dismiss (DE 13 in Case
No. 25-61935) and Defendant's Motion for Sanctions (DE
26 in Case No. 25-61935). The Motions are ripe. For the
following reasons, the motions are granted.

**I. BACKGROUND**

This case does not present a close question. It presents a
troubling one. What should have been a fact-specific inquiry
into a single plaintiff's allegations of sex trafficking instead
arrives as one of a growing number of carbon-copy lawsuits
filed in this District. Since September 2025, nine cases [1] have
been removed to this Court in which Plaintiff's counsel seeks
to hold hospitality companies liable under the Trafficking
Victims Protection Reauthorization Act ("**TVPRA**") for the
alleged sex-trafficking of Plaintiff perpetrated by criminals at
various hotels. Each complaint repeats the same extraordinary
and detailed narrative—regardless of the defendant, the
property, the city, or the year.

The pleading before me is indistinguishable from its
counterparts. It reproduces, word for word, the same dramatic

episodes, the same accusations of hotel employees acting as
"lookouts" and accepting "sexual favors," the same claims
of "prior dealings" with the trafficker, and even the same
typographical errors. These allegations do not appear tailored
to a defendant or a property; they appear mass-produced.
Their uniformity, coupled with their inherent improbability,
renders them implausible on their face.

I do not minimize the gravity of human trafficking. But the
seriousness of the subject matter does not excuse counsel
from the obligation to present individualized, fact-grounded
pleadings. Here, the allegations reflect not the careful
recounting of a victim's experience, but the deployment of a
template across multiple defendants and venues. The result
are complaints that cannot be credited, theories that cannot be
sustained, and a pattern of filings that cannot be ignored.

**\*2** For these reasons, and those that follow, I grant the
motions to dismiss and impose sanctions.

A. **The Complaints** [2]

Plaintiff **R.R.** brings this action under the **TVPRA**, alleging
that she was a victim of sex trafficking between 2009 and
2015 and that portions of this trafficking occurred at hotel
properties owned or operated by Defendants. According to
the various Complaints, **R.R.** was trafficked by an individual
identified as "Zaya," who allegedly caused her to engage in
commercial sex acts at the hotels during the relevant period.
She asserts two theories of liability under the **TVPRA**. First,
she alleges that Defendants are liable as "perpetrators" under
18 U.S.C. § 1591, asserting that the hotel "harbored" her or
otherwise knowingly facilitated her trafficker's conduct by
providing rooms and services that enabled the trafficking to
occur. Second, she brings a "beneficiary" or "participation"
claim under 18 U.S.C. § 1595, alleging that Defendants
knowingly benefited from renting rooms to her trafficker and
participated in a trafficking venture by failing to intervene
despite allegedly observable indicators of trafficking.

The Complaints describe a range of conditions that **R.R.**
contends were present at the properties and should have
alerted hotel staff to her situation, including frequent male
visitors, extended stays, and visible signs of distress. She
alleges that hotel employees observed or should have
observed these indicators and that their inaction allowed the
trafficking to continue. Based on these allegations, **R.R.** seeks
to hold Defendants civilly liable under §§ 1591 and 1595.

WESTLAW    © 2026 Thomson Reuters. No claim to original U.S. Government Works.                    1

When all of Plaintiff's Complaints are considered collectively, they reflect a high degree of repetition. Multiple Complaints filed against different motel or hotel operators contain materially identical allegations describing Plaintiff's trafficking, the conduct of hotel staff, and the purported indicators of trafficking. Each complaint includes the same assertions that employees acted as "informants" and "lookouts" for the trafficker in exchange for "tips, bonuses, sexual favors, bribes, kickbacks, drugs, and other remuneration," and that such conduct occurred "in the course and scope of their employment." The Complaints also uniformly allege that the trafficker had "prior dealings" with Defendants' staff that were "reinstated" during Plaintiff's trafficking, without variation tied to the specific property or Defendant.

In addition, the Complaints repeat an identical account in which housekeeping staff allegedly witnessed "Johns" fleeing Plaintiff's room after assaulting her and ignored her requests for help as she ran from the room "bleeding and with torn and missing clothing." This episode appears verbatim across numerous Complaints involving different motel or hotel chains, locations, and time periods. Moreover, the Complaints share the same organizational structure, the same generalized discussion of trafficking "red flags," and the same assertions that such indicators were "open and obvious" at every property. The uniformity of the allegations—including identical phrasing, paragraph structure, and typographical features—indicates that the Complaints were drafted from a common template rather than tailored to each Defendant or location.

**B. The Pending Motions**

 **\*3**  Defendants argue that the Complaints fails to state a plausible claim under either § 1591 or § 1595 because they rely on generalized descriptions of trafficking indicators and routine motel or hotel operations, rather than factual allegations showing that Defendants knowingly harbored Plaintiff, knowingly assisted her trafficker, or knowingly participated in a trafficking venture. They further contend that the Complaints do not allege facts supporting the required knowledge of force, fraud, or coercion, and that the cited "red flags" are equally consistent with non-trafficking conduct. Defendants also note that the Complaints repeat the same allegations that appear in numerous other lawsuits filed against unrelated hotel operators—including assertions about "informants," "lookouts," "prior dealings," and a recurring housekeeping episode—and argue that this uniformity across different properties underscores the absence of defendant-

specific factual content necessary to satisfy the plausibility standard.

Defendants further argue that sanctions are warranted because the Complaints are not case-specific pleadings but rather verbatim reproductions of allegations across at least nine lawsuits filed on behalf of the same Plaintiff against various other motel or hotel operators. Defendants contend that the Complaints repeat the same detailed factual narratives and that the facial implausibility of the allegations demonstrate that they cannot all be true in *every* case. Defendant therefore asserts that presenting these allegations as if they were uniquely applicable to one particular Defendant violates Rule 11(b)(3).

**II. DISCUSSION**

I find that dismissal of Plaintiff's Complaints is warranted on two grounds. First, the allegations are not plausible, and second, the allegations do not support a claim under the relevant statute. Further, I find that sanctions should be imposed because the Complaint presents fact-specific allegations that are facially implausible when asserted identically across multiple unrelated cases. My analysis is set forth below.

 **A. Motions to Dismiss**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 622, 678 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 679. When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted.

**1. *The Allegations are Implausible***

The Complaints do not contain sufficient factual matter to satisfy the plausibility standard. They rely primarily on generalized descriptions of trafficking indicators, broad assertions about staff misconduct, and narrative elements that appear untethered to this particular property or defendant. Under *Twombly* and *Iqbal*, courts must disregard conclusory

allegations and require factual content that permits a reasonable inference of liability; allegations that merely recite labels, mirror other pleadings, or lack defendant-specific detail do not suffice.

Plaintiff argues that similar allegations will routinely appear in trafficking cases and that these Complaints must be evaluated in isolation. But the deficiency here is not the existence of similar trafficking patterns; it is the absence of factual allegations connecting the asserted conduct to a particular defendant, a particular property, or this Plaintiff's circumstances. The Eleventh Circuit has emphasized that **TVPRA** complaints must include property-specific factual allegations, not generalized assertions about industry practices or trafficking "red flags." *See Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726–28 (11th Cir. 2021).

 **\*4** This lack of specificity is underscored by the Complaints' reliance on allegations that appear in substantially identical form across multiple lawsuits filed against various other unrelated hotel operators. While I do not consider these other pleadings for the truth of their allegations, I can take judicial notice of their contents for the limited purpose of assessing whether the allegations here contain the factual detail required to state a plausible claim. *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1277 (11th Cir. 1999). The repetition of assertions regarding "informants," "lookouts," "prior dealings," and a recurring housekeeping episode involving violence and ignored pleas for help—without any property-specific factual development—reinforces that the Complaints rely on template-driven allegations rather than facts tied to these Defendants.

Finally, although Plaintiff invokes agency principles, the Complaints do not allege facts showing that any employee's purported misconduct was undertaken within the scope of employment or for the hotel's benefit. Courts require factual allegations supporting agency, not conclusory assertions. In sum, the Complaint's reliance on generalized, repetitive, and conclusory allegations—without property-specific factual development—renders the overall narrative insufficient to state a plausible claim under *Twombly, Iqbal*, and the **TVPRA** pleading standards articulated in *Red Roof Inns*

### 2. *The Allegations Fail to State a Claim Under the* **TVPRA**

The **TVPRA** creates a civil remedy that reaches both direct traffickers and certain third parties, but the Eleventh Circuit has emphasized that these theories of liability are distinct and must be analyzed separately. In *Red Roof Inns*, the court explained that § 1595(a) permits suit against "the perpetrator" (the person who committed the criminal offense) as well as those who "knowingly benefit[ ] from participation in a venture which that person knew or should have known has engaged in" trafficking. 21 F.4th at 723–24. The categories involve different elements and different mental state requirements.

Perpetrator liability arises under § 1591, a criminal statute. It imposes liability on a defendant who knowingly recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits a person, knowing or in reckless disregard of the fact that force, threats of force, fraud, coercion, or a minor's age will be used to cause that person to engage in a commercial sex act. Because § 1591 is criminal in nature, courts apply its mental state requirements as written and do not extend perpetrator liability to defendants who are merely aware of commercial sex or suspicious activity without factual allegations tying that knowledge to force, fraud, coercion, or the plaintiff's age. *Id.* at 724.

Beneficiary liability under § 1595(a) operates differently, but it is not without limits. The Eleventh Circuit has held that a plaintiff must plausibly allege that the defendant knowingly received a benefit from participating in a "venture," and that a venture in this context requires a "common undertaking or enterprise involving risk and potential profit." *Id.* at 725. Allegations that a hotel rented rooms, provided routine services, or failed to prevent trafficking do not, without more, establish participation in such a venture. *Id.* at 720-21, 725–26.

Taken together, the statutory text and Eleventh Circuit precedent reflect Congress's intent to impose civil liability on entities that knowingly align themselves with traffickers, while avoiding a regime that would impose liability for routine commercial conduct or for failing to detect trafficking that is not reasonably apparent. Both § 1591 and § 1595 require factual allegations showing a meaningful connection to a trafficking venture and knowledge—actual or constructive—of trafficking as to the plaintiff. These principles guide the evaluation of the claims asserted here.

### a. Perpetrator Liability § 1591(a)(1) and (a)(2)

**\*5** Plaintiff alleges that Defendants "harbored" her under § 1591(a)(1) and knowingly participated in a § 1591(a)(2) venture. But the Complaints contain no factual allegations showing that Defendants engaged in unlawful concealment, intended to facilitate tracking, or otherwise took affirmative steps to facilitate the trafficker's use of force, fraud, or coercion. Courts interpreting "harboring" in analogous criminal statutes have held that merely providing lodging— even knowingly—is insufficient absent an intent to further illegal conduct. *See United States v. Tydingco*, 909 F.3d 297, 302–04 (9th Cir. 2018); *Reyes v. Waples Mobile Home Park Ltd. P'ship*, 91 F.4th 270, 278–79 (4th Cir. 2024).

Nor do the Complaints allege knowing participation in a § 1591(a)(2) venture. The allegations that Defendants "rented rooms," "provided hospitality services," and "should have known" Plaintiff was trafficked despite ordinary commercial conduct and do not support a reasonable inference that Defendants knowingly assisted a § 1591(a)(1) violation. *See Red Roof*, 21 F.4th at 725; *see also Does 1-6 v. Reddit, Inc.*, 51 F.4th 1137, 1145 (9th Cir. 2022) ("The statute does not target those that merely turn a blind eye to the source of their revenue.") (quotation marks and brackets omitted).

The Complaints do not plausibly allege that Defendants knew or recklessly disregarded that force, fraud, or coercion would be used to cause Plaintiff to engage in commercial sex. The references to "red flags" are generic, untethered to specific dates or staff members, and are equally consistent with non-trafficking criminal activity such as prostitution or other criminal activity. Allegations that are merely consistent with liability, but equally consistent with lawful or less severe unlawful conduct do not satisfy the plausibility standard. *See In re Century Aluminum Co. Sec. Litig.*, 729 F.3d 1104, 1108 (9th Cir. 2013) ("When faced with two possible explanations, only one of which can be true and only one of which results in liability, plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation.") (internal quotation marks omitted).

#### b. Beneficiary Liability § 1595

To state a claim under § 1595, a plaintiff must plausibly allege that the defendant: (1) knowingly benefited; (2) from taking part in a "common undertaking or enterprise involving risk and potential profit"; (3) that undertaking or enterprise violated the **TVPRA** as to the plaintiff; and (4) the defendant

had actual or constructive knowledge that the undertaking or enterprise violated the **TVPRA** as to the plaintiff. *Red Roof Inns, Inc.*, 21 F.4th at 726–27. Defendants argue that the Complaints fail to allege that Defendants plausibly alleged that Defendants participated in a venture, that Defendants knew or should have known of her trafficking under the **TVPRA** and that Defendants knowingly benefited from participating in a venture that trafficked her.

Under *Red Roof Inns*, participation in a venture requires more than providing ordinary hotel services. It requires involvement in a "common undertaking or enterprise involving risk and potential profit." *Id.* at 727. Plaintiff alleges that Defendants rented rooms to her trafficker and collected payment for those rooms. But the Eleventh Circuit has squarely held that renting rooms, collecting revenue, and continuing a business relationship with a trafficker— even over an extended period—does not plausibly allege participation in a trafficking venture. *Id.* at 726-27.

**\*6** The Eleventh Circuit reaffirmed this principle in *K.H. v. Riti, Inc.*, rejecting materially identical allegations and explaining that "observing something is not the same as participating in it." *K.H. v. Riti, Inc.*, 2024 WL 505063, at \*3 (11th Cir. Feb. 9, 2024). There, as here, the plaintiff alleged that hotel staff observed suspicious circumstances, continued renting rooms, and failed to intervene. The court held that such allegations do not establish a common undertaking or shared purpose with the trafficker and therefore do not satisfy the venture element.

Plaintiff also alleges that hotel staff accepted bribes, sexual favors, or other illicit inducements, acted as "lookouts," reinstated "prior dealings" with traffickers, or provided "protective services." These allegations are wholly conclusory and, as discussed above, appear in substantially identical form across multiple complaints filed against unrelated hotel operators. While I do not consider these other pleadings for their truth, their uniformity underscores the absence of defendant-specific factual content. See *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75–77 (2d Cir. 2022) ("Th[e] backdrop of [p]laintiffs' Mad-Libs-style complaints further confirms the implausibility of their claims of injury.")

Even assuming such conduct occurred, the Complaint does not plausibly allege that it can be attributed to Defendants. Under Florida law, an employer is vicariously liable only for acts "of the kind the employee is employed to perform" and "actuated, at least in part, by a purpose to serve the master."

*Sussman v. Fla. E. Coast Props., Inc.*, 557 So. 2d 74, 75 (Fla. 3d DCA 1990). Accepting bribes or drugs, engaging in sexual acts, serving as lookouts, or assisting traffickers is personal, unauthorized, and criminal conduct. Such conduct does not further any legitimate business purpose and is, as a matter of law, outside the scope of employment. Because Plaintiff's § 1595 theory depends on imputing these alleged acts to Defendants, the scope-of-employment doctrine provides an additional basis for dismissal.

The Complaints also fail to plausibly allege that Defendants knew or should have known that the venture violated the **TVPRA** as to Plaintiff. Plaintiff relies on generalized references to "red flags" and conclusory assertions that unidentified hotel staff "must have known" trafficking was occurring. But she does not allege that Defendants or their employees observed her, her condition, or any coercive conduct by the trafficker. Nor does she allege facts from which the Court could reasonably infer constructive knowledge of trafficking as to her, as opposed to conduct equally consistent with non-trafficking explanations such as consensual commercial sex, drug activity, or ordinary guest behavior.

Lastly, I reject Defendants' argument that the requirement of "knowingly benefit" is not met by the allegation that Defendants knowingly received a financial benefit when they rented a room. *See Red Roof Inns*, 21 F.4th at 726-27. (The allegations that defendants rented rooms to traffickers "may suggest" they financially benefited).

## B. Motion for Sanctions

Rule 11 establishes three independent grounds for sanctions. A pleading violates the Rule when it: (1) is presented for an improper purpose, such as to harass or needlessly increase litigation costs, Fed. R. Civ. P. 11(b)(1); (2) asserts legal contentions that are not warranted by existing law or by a non-frivolous argument for modifying that law, Fed. R. Civ. P. 11(b)(2); or (3) presents factual contentions that lack evidentiary support, Fed. R. Civ. P. 11(b)(3).

**\*7** An attorney may be sanctioned for violating any of these provisions. A represented party, however, cannot be sanctioned for a violation of Rule 11(b)(2). Fed. R. Civ. P. 11(c)(5)(A). The Eleventh Circuit applies a two-step inquiry when determining whether sanctions are appropriate: (1) whether the challenged claims are objectively frivolous, and (2) whether the person who signed the pleading should have

been aware of that frivolousness. *Gulisano v. Burlington, Inc.*, 34 F.4th 935, 941 (11th Cir. 2022).

### 1. *The Allegations are Objectively Frivolous*

This ruling rests solely on Rule 11(b)(3). The question is whether the Complaints present factual contentions that are objectively frivolous because they cannot all be true across the numerous unrelated cases in which they appear.

As described earlier in this Order, Plaintiff's counsel has filed at least nine other lawsuits in this District within a short period, each asserting **TVPRA** claims against unrelated hotel operators concerning different properties. These complaints contain identical, highly specific factual allegations, including:

- assertions that employees acted as "lookouts" and "informants" in exchange for "tips, bonuses, sexual favors, bribes, kickbacks, drugs, and other remuneration";

- allegations of "prior dealings" between the trafficker and hotel staff that were "reinstated" during Plaintiff's trafficking;

- a recurring episode in which housekeeping staff allegedly witnessed "Johns" fleeing a room after assaulting Plaintiff and ignored her pleas for help;

- the same phrasing, paragraph structure, and typographical errors.

These are not generalized descriptions of trafficking indicators. They are fact-specific narratives about what employees at a particular hotel allegedly did, saw, said, and accepted. Yet they appear verbatim across complaints involving different hotel chains, different cities, different staff, and different time periods.

Under the Eleventh Circuit's two-step test, these allegations are objectively frivolous because they cannot all be true in every case. And because the uniformity and specificity of the allegations make this obvious on the face of the pleadings, counsel should have been aware of their frivolousness. *Gulisano*, 34 F.4th at 941–42. Rule 11(b)(3) does not permit counsel to present mutually incompatible factual narratives as if they were uniquely true in each case. *See Calcano*, 36 F.4th at 77 (cut-and-paste, Mad-Libs-style, and cookie-cutter

factual allegations signal their own implausibility and violate Rule 11(b)(3))

Plaintiff raises several arguments in opposition, none of which alter the Rule 11(b)(3) analysis. First, Plaintiff contends that trafficking victims often experience similar patterns across different hotels and that the Complaint must be read in isolation. I do not disagree that trafficking patterns may recur. But the issue here is not the existence of similar trafficking indicators. It is the presentation of the same detailed factual episodes— involving specific employees, specific conduct, and specific interactions— as if they occurred identically at numerous unrelated properties. Rule 11(b)(3) does not permit counsel to present mutually incompatible factual narratives as if they were uniquely true in each case.

Second, Plaintiff argues that the use of templates or standardized formats is common litigation practice. That is correct. Rule 11 does not prohibit templates. It prohibits the wholesale reuse of fact-specific allegations that, by virtue of their verbatim repetition across unrelated cases, cannot all be true. The problem is not the template; it is the content.

 *8  Third, Plaintiff asserts that sanctions are inappropriate because discovery has not yet occurred. But Rule 11(b)(3) applies at the moment a pleading is presented. *See* Rule 11(b) ("by presenting to the court"). Counsel may not rely on discovery to substantiate factual narratives that are facially incompatible across cases.

Finally, Plaintiff argues that I should not consider the existence of other complaints. However, I do not consider those pleadings for the truth of their allegations. I consider them only for the limited purpose of determining whether the factual contentions presented here are case-specific or template-driven. Courts routinely take judicial notice of other filings for this purpose. *See Bryant v. Avado Brands, Inc.*, 187 F.3d at 1277.

Because the Complaint presents fact-specific allegations that are facially implausible when asserted identically across multiple unrelated cases, and because counsel reaffirmed those allegations after removal, the Court finds a violation of Rule 11(b)(3).

### 2. *The Sanctions Award*

Sanctions are imposed solely on this basis. I do not reach Defendants' arguments under Rule 11(b)(1) or (b)(2), nor do I make any finding regarding counsel's subjective intent or pre-suit investigation. The violation here is limited to the presentation of fact-specific allegations that, by virtue of their verbatim repetition across numerous unrelated cases, cannot all be true and therefore cannot be presented as case-specific factual contentions under Rule 11(b)(3).

Rule 11(c)(4) provides that a sanction must be limited to what suffices to deter repetition of the conduct. In light of the pattern of filings and the nature of the violation, I conclude that a monetary sanction is necessary to achieve that purpose. Plaintiff's counsel shall pay Defendants the reasonable attorney's fees and costs incurred in connection with the briefing directed to the motion to dismiss and the motion for sanctions. This remedy is appropriately tailored to the violation found and is limited to the expenses directly caused by the improper presentation of the Complaint's factual contentions.

### III CONCLUSION

Accordingly, it is hereby **ORDERED** that:

1. Defendants' Motion to Dismiss (DE 15 in Case No. 25-61924) and Defendant's Motion to Dismiss (DE 13 in Case No. 25-61935) are **GRANTED.** The Complaints (DE 1-2 and DE 1-2) are **DISMISSED** without prejudice.

2. Plaintiff is granted leave to amend to remedy the pleading deficiencies identified, if she can do so. I caution Plaintiff, however, that she is not authorized to expand the scope of this litigation by adding new claims or new parties. To do so would require prior court approval and an appropriate motion. Moreover, in repleading, Plaintiff's counsel should study the pleading standards in federal court and familiarize himself with the prohibition against shotgun pleadings. *See generally Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015).

3. The Amended Complaint shall be filed **no later than April 24, 2026.** If no timely Amended Complaint is filed, these cases may be closed.

4. Defendants' Motion for Sanctions (DE 28 in Case No. 25-61924) and Defendants' Motion for Sanctions (DE 26 in Case No. 25-61935) are **GRANTED.** The Parties must confer to resolve the amount of the sanctions and

file a notice informing me of their agreement by **April 7, 2026.** If the Parties do not agree, Defendants shall file a fee application **by April 7, 2026,** supported by contemporaneous billing records. Plaintiff's counsel may file a response by **April 21, 2026.** The Court will enter a separate order setting the amount of the sanctions award.

**\*9  SIGNED** in Chambers at West Palm Beach, Florida, this 24 day of March, 2026.

**All Citations**

Slip Copy, 2026 WL 865685

---

### Footnotes

1    The following cases are on my docket, either having been assigned to me originally, or transferred from other judges based upon relatedness and the first filed rule: *R.R. v. ESA P Portfolio L.L.C.*, 25-cv-61891 (closed); *R.R. v. ESA P Portfolio L.L.C.*, 25-cv-62004 (closed); *R.R. v. BRE/Florida Wellesley, L.L.C.*, 25-cv-81246; *R.R. v. CPLG FL Properties L.L.C.*, 25-cv-62015; *R.R. v. Florida Wellesley L.L.C., et al.*, 25-cv-62016; *R. R. v. CPLG West Palm Beach, L.L.C.*, 25-cv-81380. One case, *R.R. v. Tiger West Palm Beach Lake Worth LLC et al.*, 25-cv-81213 (closed), is before the Honorable Aileen M. Cannon. There are also state court cases: *R.R. v. West Palm Hotel Holdings*, Inc., 50-2025-CA-0008681-XXA-MB; *R.R. v. DHM Investments, Inc.*, CACE25012743. Pursuant to Local Rule 3.8 of the Southern District of Florida, attorneys have a "continuing duty" to bring to the attention of the Court and opposing counsel the existence of other actions, including those before this Court or another court. *See* S.D Fla. L.R. 3.8. Plaintiff did not comply with this Rule.

2    Because the Complaints are nearly identical, and Defendants have filed nearly identical Motions to Dismiss in both Case Numbers 25-61924 and 25-61935, I will discuss both Complaints and motions simultaneously.

---

**End of Document**                                                                                   © 2026 Thomson Reuters. No claim to original U.S. Government Works.